**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OMAR R. GOMEZ, | ) | CASE NO. 5:23-cv-1788 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| CITY OF CANTON POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court are two motions to dismiss plaintiff Omar Gomez's ("Gomez") amended complaint. (Doc. No. 5 (Amended Complaint).) First, defendants City of Canton Police Department ("Canton Police") and Officer Michael Walker ("Officer Walker") move to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 12 (First Motion to Dismiss).) Second, defendants Parole Officers Laurie Stewart ("Officer Stewart") and Diane Murphy ("Officer Murphy"),[1] along with interested party, State of Ohio, move to dismiss the complaint as it relates to them. (Doc. No. 13 (Second Motion to Dismiss).) Gomez filed a response

---

[1] In their motion to dismiss, Officer Stewart and the State of Ohio contend that "[t]he docket does not reflect that Ms. Murphy has been served." (Doc. No. 13, at 1 n.1. All page number references within this memorandum opinion are to the consecutive page numbers applied to each individual document by the electronic filing system.) As far as the Court can tell, the docket reflects that Murphy was served on February 1, 2023, along with the other defendants. (*See* Doc. No. 11 (Proof of Service), at 22–28.) In any event, due to the dismissal of Gomez's amended complaint for the unrelated reasons below, any potential deficiencies in service are immaterial.

addressing both motions (Doc. No. 15 (Response)) and the Canton Police and Officer Walker replied. (Doc. No. 17 (Reply).) For the reasons discussed herein, both motions are GRANTED and the case is DISMISSED.

## I.  BACKGROUND

*Pro se* plaintiff Gomez commenced this action on September 14, 2023. (Doc. No. 1 (Complaint).) On December 19, 2023, and prior to service, Gomez filed an amended complaint, which is the operative complaint. (Doc. No. 5.) The amended complaint contains allegations against four defendants: the Canton Police, Officer Walker, Officer Stewart, and Officer Murphy. (*Id*.) The amended complaint includes three federal causes of actions brought pursuant to 42 U.S.C. § 1983 and two causes of actions, against all defendants, brought under Ohio law. (*Id*.) Gomez alleges misconduct by the defendants related to his arrest on March 19, 2021, and his subsequent detention and criminal trial. (*Id*.) The details of what happened are less clear. For the purposes of this memorandum opinion and order, the Court summarizes only the pertinent facts below.

According to the amended complaint, on March 19, 2021, "[Officer] Walker detained Gomez without reasonable suspicion, probable cause or other basis in law." (*Id*. ¶ 10.) Following Gomez's arrest, "[Officer] Walker wrote a false police report which falsely and fraudulently described Gomez's actions, as well as fabricating actions by Gomez and a basis for arrest, jailing and the prosecution of Gomez." (*Id*. ¶ 12.) Within this allegedly false report, Gomez continues, Officer Walker claimed that on March 18, 2021, he, Officer Stewart, and Officer Murphy observed a person fleeing a vehicle containing "drugs and drug instruments[.]" (*Id*. ¶¶ 13, 14.) The officers later identified Gomez as the fleeing person. (*Id*.) Gomez was arrested, charged with three drug related charges under Ohio law, and "imprisoned for 200 days" while he awaited trial. (*Id*. ¶¶ 12,

2

19.) At trial, another person—Demetrius Brown—testified and implied that he may have been the fleeing man. (*Id*. ¶ 18.) Gomez was ultimately acquitted of the charges following a trial. (*Id*. ¶ 19.)

Gomez's amended complaint seeks relief against the defendants under federal and Ohio law. The first three counts of the amended complaint seek relief under 42 U.S.C. § 1983 against the Canton Police.[2] (*Id*. ¶¶ 24–40.) The fourth count seeks relief for the intentional infliction of emotion distress under "the general laws of Ohio, inclusive of Ohio Revised Code § 2921.45" against all defendants. The fifth count is titled "violation of Ohio Revised Code § 2921.45[.]" To support this alleged violation of Ohio law, the amended complaint invokes a wide array of federal and Ohio laws. (*Id*. ¶¶ 46–49.) Gomez generally alleges violations of two federal constitutional amendments, three provisions of the Ohio constitution, "[the] established rights under United States and Ohio law[,]" and Ohio Rev. Code § 4113.06. (*Id*.) Gomez does not state what particular conduct by any defendant violated his "established rights[,]" or even what established rights were violated by the defendants.

Following service, the defendants filed two motions to dismiss. The first motion was filed on February 20, 2024, by Walker and the Canton Police seeking the dismissal of all charges pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 12.) The second motion was filed on February 22, 2024, by Stewart and an interested party, the State of Ohio, pursuant to Fed. R. Civ P. 12(b)(1) and 12(b)(6). (Doc. No. 13.) The matter is now ripe for the Court's consideration.

---

[2] The third cause of action, titled "failure to train, supervise, disciple, or correct[,]" solely against the Canton Police, also makes allegations against defendant Officer Walker. (Doc. No. 5 ¶¶ 38–40.) Liberally construing Gomez's amended complaint, the Court will review the sufficiency of these allegations against Officer Walker as a separate claim later in this memorandum opinion and order.

## II.    STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts" (internal citation omitted)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678–79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The

Court is not required, however, to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

## III. DISCUSSION

The defendants are entitled to the dismissal of the claims against them in the amended complaint. All of Gomez's claims are either brought against an inappropriate party, time barred, or fatally underdeveloped factually. The Court will discuss each cause of action in turn.

### A. Gomez's First Two Causes of Action (Illegal Search and Seizure; Malicious Prosecution and Substantive Due Process)

The amended complaint's first two causes of actions must be dismissed because they are brought against an improper party. Gomez's first two causes of action seek relief against just one defendant: the Canton Police. (Doc. No. 5 ¶¶ 24–28 (Count 1, Unlawful Search and Seizure); ¶¶ 29–33 (Count 2, "Malicious Prosecution/Substantive Due Process"). It is well-established under Ohio law that police departments are administrative units of municipalities and, as a result, are not separate legal entities that can directly participate in litigation. *Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014). As such, Ohio police departments, including the Canton Police, are not *sui juris* and cannot be sued pursuant to 42 U.S.C. § 1983. *See id.*; *see also Fam. of LaMonte Brown, Jr. v. Montgomery Cnty., Ohio, Sheriff's Dep't*, No. 3:23-cv-182, 2024 WL 199883, at *3 (S.D. Ohio Jan. 18, 2024) (same); *Elkins v. Summit Cnty., Ohio*, No. 5:06-cv-3004, 2008 WL 622038, at *6 (N.D. Ohio Mar. 5, 2008) (same). For this reason alone, Gomez's first two causes of action must be dismissed.

Independent of the reasoning above, Gomez's first cause of action fails for another reason: it is untimely. 42 U.S.C. § 1983 does not contain a statute of limitations period and, in its absence,

"[s]tate law determines the appropriate statute of limitations[.]" *See Hornback v. Lexington-Fayette Urb. Cnty., Gov't,* 543 F. App'x 499, 501 (6th Cir. 2013). For claims of an unlawful search and seizure, Ohio law imposes a two-year statute of limitation period. *See Hodge v. City of Elyria*, 126 F. App'x 222, 225 (6th Cir. 2005); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (citing Ohio Rev. Code § 2305.10). As to when the clock begins to run, federal law controls. *See Hornback*, 543 F. App'x at 501. And when a plaintiff seeking relief for an allegedly illegal search and seizure "ha[s] a colorable claim for the violation of his Fourth and Fourteenth Amendment rights on the day of the search, and the statute of limitations beg[ins] to run on that date." *Hornback*, 543 F. App'x at 502; *see also Taylor v. Tornichio*, No. 3:22-cv-56, 2022 WL 1616685, at *3 (S.D. Ohio May 23, 2022), *report and recommendation adopted*, No. 3:22-cv-56, 2022 WL 17092581 (S.D. Ohio Nov. 21, 2022) (applying the same).

Here, the amended complaint states that Gomez was arrested "on or about March 19, 2021." (Doc. No. 5 ¶ 10.) According to Gomez, he was "detained . . . without reasonable suspicion, probable cause[,] or other basis in law [and] was ultimately arrested." (*Id.*) Gomez also contends that he was unlawfully searched "upon his arrest, and separately upon being jailed."[3] (*Id.* ¶ 28.) If true, these actions by the Canton Police form a colorable claim for the violation of his Fourth and

---

[3] Gomez does not state in the amended complaint when he was jailed. (*See generally* Doc. No. 5.) In his response, however, Gomez attached documents from his state court proceedings, including Officer Walker's contemporaneous police report. (*See* Doc. No. 15-1, at 3–4.) That report states that Gomez, and others, were taken to the Stark County Jail at some point prior to the report being finalized on March 23, 2021. (*Id.* at 4.) Given that the report appears in the record, Gomez's numerous references to it in the amended complaint (Doc. No. ¶¶ 12–14), and the lack of opposition from any of the defendants, the Court will consider the Officer Walker's report. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (holding that district courts "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein"). The Court finds that Officer Walker's report establishes that the allegedly illegal search Gomez was subject to "upon being jailed" occurred on, or before, March 23, 2021.

Fourteenth Amendment rights. Therefore, the two-year statute of limitations began to run in March 2021.

Gomez's complaint was filed on September 14, 2023. (Doc. No. 1.) Well over two years passed between the filing of Gomez's complaint and his arrest, and their associated searches, in March 2021. Accordingly, Officer Walker and the Canton Police department's motion to dismiss (Doc. No. 12) is GRANTED for Gomez's first two causes of action and those causes of action are DISMISSED with prejudice. With this dismissal, the only remaining federal claim is Gomez's third cause of action.

**B. Gomez's Third Cause of Action (Failure to Train, Supervise, Discipline, or Correct)**

In the absence of a viable underlying claim for a constitutional violation, Gomez's third cause of action, which amounts to a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 695, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), must also be dismissed. The title and first paragraphs of Gomez's third cause of action suggests that he brings this claim solely against the Canton Police. (*See, e.g.*, Doc. No. 5 ¶ 36 ("Defendant the City of Canton Police Department violated Gomez's [r]ights . . . by creating and maintaining the following unconstitutional customs and practices . . .") To the extent that Gomez brings his third cause of action against the Canton Police, this cause of action DISMISSED because, as stated in the preceding section, the Canton Police are not *sui juris* and cannot be sued. *See Carmichael*, 571 F. App'x at 435.

But this is not the end of the analysis. Beyond the allegations directed at the Canton Police, Gomez's third cause of action also states that "Defendant [Officer] Walker acted in a supervisory capacity with respect to the incidents involving Gomez." (Doc. No. 5 ¶ 38.) Gomez continues, alleging that "Defendant [Officer] Walker and City's policy, custom, and practice, as described

*supra*, was within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts injury [*sic*] complained of by [Gomez]." (*Id*. ¶ 40.)

Claims against municipalities for having an alleged "policy, custom, or practice" which caused harm, including claims brought against police officers in their official capacity, are governed by *Monell* and its progeny. *North v. Cuyahoga Cnty.*, 754 F. App'x 380, 389 (6th Cir. 2018). Under that standard, a plaintiff must bring a viable underlying constitutional claim to maintain a *Monell* action. *See id*. Without a constitutional injury, the *Monell* claim must be dismissed. *Id*. ("There must be a constitutional violation for a § 1983 claim against a municipality to succeed—if the plaintiff has suffered no constitutional injury, his *Monell* claim fails.")

Gomez lacks a viable underlying claim of a constitutional violation. Both of Gomez's causes of actions alleging a constitutional violation (under the Fourth and Fourteenth Amendments) have been dismissed. Without a surviving claim of a constitutional violation, the remaining causes of action arise out of alleged violations of state law. (*See generally* Doc. No. 5.) These claims are not sufficient to support a claim under *Monell*. *See, e.g.*, *Davis v. Chorak*, 624 F. Supp. 3d 870, 882 (W.D. Mich. 2022) (dismissing a *Monell* claim because, among other reasons, there was no underlying constitutional violation although state law claims remained). Therefore, Gomez's third cause of action is DISMISSED.

### C.  Remaining Causes of Action (Various State Law Claims)

At this juncture, all that remains of the amended complaint are the fourth and fifth causes of action, both of which seek relief under Ohio law. When only state law claims remain, district courts have the discretion to exercise supplemental jurisdiction after considering "the values of

8

judicial economy, convenience to parties, fairness, and comity to state courts." *Packard v. Farmers Ins. Co. of Columbus Inc*., 423 F. App'x 580, 584 (6th Cir. 2011) (citations omitted). Given the clear deficiencies of Gomez's two remaining claims, the enumerate values—namely, judicial economy and convenience to the parties—weigh in favor of exercising supplemental jurisdiction. For the reasons that follow, the Court exercises its supplemental jurisdiction and the remaining causes of action are DISMISSED.

Beginning with the fourth cause of action, Gomez seeks relief against all the defendants for the intentional infliction of emotional distress for the "acts and/omissions [*sic*] alleged throughout this entire complaint[.]" (Doc. No. 5 ¶ 44.) Gomez does not point to any particular acts or omission by any of the defendants beyond this general reference within the fourth cause of action. (*Id*.) The gravamen of Gomez's complaint against the defendants relates to their allegedly false statements and the subsequent consequences of those allegedly false statements. (*See e.g.*, *id.* ¶¶ 12–17.) This includes the contents of a police report and testimony at Gomez's state court trial. (*See id*.)

As defendants Officer Murphy and Officer Stewart correctly state in their motion to dismiss (Doc. No. 13, at 7), under Ohio law, the statute of limitations for claims of intentional infliction of emotional distress can vary depending on the "essential character of [the] claim[.]" *Cleavenger v. B.O*., 184 N.E.3d 968, 976 (Ohio Ct. App. 2022). Generally, litigants have four years to bring a claim for intentional infliction of emotion distress, but when the claim "consists of conduct that is, in substance, another tort, the statute of limitations for the other tort governs." *Id.* (citation omitted); *see also Stafford v. Clever Investigations, Inc.*, No. 06AP-1204, 2007 WL 2800333, at *3 (Ohio App. Ct. 2007) ("[I]f a claim for intentional infliction of emotional distress is grounded

in conduct that supports another cause of action, then the plaintiff is subject to the statute of limitations for that other cause of action."). When the essential nature of the claim relates to allegations that law enforcement officers made false statements in their reports and associated court proceedings, Ohio courts apply the one-year statute of limitations for defamation. *See, e.g.*, *Cleavenger*, 184 N.E.3d at 976 (collecting cases); *see also* Ohio Rev. Code § 2305.11(A) (providing a one-year statute of limitations for defamation claims).

Here, Gomez's intentional infliction of emotion distress claim is "grounded in conduct that supports another cause of action[:]" defamation. Under Ohio law, defamation is defined as "a false statement published by a defendant acting with the required degree of fault that injures a person's reputation, exposes the person to public hatred, contempt, ridicule, shame or disgrace, or adversely affects the person's profession." *Janiszewski v. Belmont Career Ctr.*, 86 N.E.3d 613, 630 (Ohio App. Ct. 2017) (citation omitted). Gomez's allegations of misconduct by the three defendant officers, and the Canton Police more generally, relate to purportedly false statements which were used to prosecute him. (*See* Doc. No. 5 ¶¶ 12 –17.) This amounts to defamation. Gomez does not allege any additional misconduct against the defendants in his complaint. (*See generally id.*) As such, the Court finds that the one-year statute of limitations applies to Gomez's fourth cause of action.

Gomez alleges two sets of false statements were made against him by the defendants. First, Officer Walker allegedly made false statement against Gomez in his March 2021 police report. (Doc. No. 5 ¶¶ 13–14.) Second, officers Murphy and Stewart allegedly made false statements against Gomez at his trial 200 days later. (*Id.* ¶ 16.) For both sets of allegedly false statements,

well over a year passed prior to Gomez filing his complaint on September 14, 2023. (Doc. No. 1.) Thus, his claims under this cause of action are untimely and DISMISSED.

Gomez's fifth, and final, cause of action fares no better than the others. Gomez's fifth cause of action seeks relief under Ohio Rev. Code § 2921.45. This is a criminal statute which prohibits a public servant, acting under color of his or her office, employment, or authority, from knowingly depriving, or conspiring or attempting to deprive, any person of a constitutional or statutory right. Ohio Rev. Code § 2921.45(A). This provision does not provide a private cause of action. *Gibson v. Rose*, No. 1:12-cv-1509, 2012 WL 2995484, at *8 (N.D. Ohio July 23, 2012). And "civil claim[s] for [a] violation of a criminal statute that does not provide a civil cause of action must be dismissed as a matter of law." *Carovac v. Lake Cty. Bd. of Dev. Disabilities/Deepwood*, No. 1:19-cv-2344, 2020 WL 5423966, at *9 (N.D. Ohio Sep. 9, 2020) (quoting *DirecTV, Inc. v. Milliman*, No. 02-74829, 2003 WL 23892683 (E.D. Mich. Aug. 26, 2003)). For this reason, this cause of action is also DISMISSED.

And, to the extent that Gomez brings additional claims under this cause of action, the Court cannot evaluate them because Gomez does not provide any specific details on how one, or more, of the defendants violated his "established rights[.]" (*Id.*) District courts are not required to "conjure up questions never squarely presented to them" or to "construct full-blown claims from sentence fragments[.]" *Beaudett*, 775 F.2d at 1278. To do so would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978)). Therefore, the extent that Gomez seeks relief pursuant to other authority

beyond Ohio Rev. Code § 2921.45 within his fifth cause of action, this part of the cause of action is DISMISSED due to its undeveloped nature.

## IV.     CONCLUSION

For the reasons set forth herein, the defendants' motions to dismiss (Doc. Nos. 12 and 13) are GRANTED and the amended complaint is DISMISSED with prejudice. This case is closed.

**IT IS SO ORDERED**.

Dated: May 24, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**